JACOB S. KREILKAMP (State Bar No. 248210)
jacob.kreilkamp@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
SARA A. McDERMOTT (State Bar No. 307564)
sara.mcdermott@mto.com
OMAR H. NOURELDIN (State Bar No. 301549)
omar.noureldin@mto.com
ARIEL T. TESHUVA (State Bar No. 324238)
ariel.teshuva@mto.com
ESTALYN S. MARQUIS (State Bar No. 329780)
estalyn.marquis@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

KATHLEEN GUNERATNE (State Bar No. 250751)
kguneratne@aclunc.org
AMY GILBERT (State Bar No. 316121)
agilbert@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Criswell, Levi Johnson, Samuel Camposeco, Adam Ibarra, and California Attorneys for Criminal Justice,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>Michael Boudreaux in his official capacity as Sheriff of Tulare County,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01048-DAD-SAB<br><br>**NOTICE OF APPLICATION AND EX PARTE APPLICATION FOR PROVISIONAL CLASS CERTIFICATION**<br><br>Filed concurrently with [Proposed] Order Granting Provisional Class Certification<br><br>Judge:　Hon. Dale A. Drozd<br>Date:<br>Time:<br>Crtrm.:　5 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that organizational Plaintiff California Attorneys for Criminal Justice and Plaintiffs Charles Criswell, Levi Johnson, Adam Ibarra, and Samuel Camposeco, individually and on behalf of all others similarly situated, apply ex parte for an order provisionally certifying Plaintiffs' claims as a class action, appointing Plaintiffs as class representatives, and appointing class counsel, pursuant to the Federal Rule of Civil Procedure 23.

Plaintiffs propose the following class definition: All people who are now, or in the future will be, incarcerated in Tulare County Jails. If the Court disagrees with the above-stated definition for the Proposed Class, Plaintiffs move for the Court to redefine or modify that definition, as such determinations are within the Court's discretion. Fed. R. Civ. P. 23(d)(1). Plaintiffs also move for the appointment of Plaintiffs Charles Criswell, Levi Johnson, Adam Ibarra, and Samuel Camposeco as representatives of the Proposed Class. Plaintiffs further move for the ACLU Foundation of Northern California and the firm of Munger, Tolles & Olson to be appointed as Class Counsel under the Federal Rule of Civil Procedure 23(g).

This ex parte application is based upon this Notice, the Memorandum of Points and Authorities, the Ex Parte Motion for Temporary Restraining Order and OSC re: Preliminary Injunction ("TRO Motion"), the declarations and exhibits filed in support thereof, the other filings in this action, the Proposed Order, which is being lodged in accordance with Local Rule 205, and any and all evidence, argument, or other matters that may be presented at the hearing. On August 11, 2020, Sara McDermott, counsel for Plaintiffs, met and conferred with counsel for Defendant by telephone and gave notice of Plaintiffs' application for provisional class certification. *See* Ex. 1 to TRO Motion (Declaration of Sara A. McDermott ("McDermott Decl.")) ¶¶ 4, 7. Counsel advised that Plaintiffs would be moving for a Temporary Restraining Order and would be seeking provisional class certification for purposes of the motion. *Id.*

DATED: August 12, 2020           MUNGER, TOLLES & OLSON LLP

By:  /s/ Sara A. McDermott
     Sara McDermott
     Attorneys for Plaintiffs

-2-
EX PARTE APPLICATION FOR PROVISIONAL CLASS CERTIFICATION

## APPLICATION FOR PROVISIONAL CLASS CERTIFICATION

## I. INTRODUCTION

Plaintiffs have moved for preliminary relief under a temporary restraining order to prevent immediate avoidable illness and death from COVID-19 among incarcerated people at Tulare County Jails, which is being caused by Defendant Michael Boudreaux's failure to take adequate measures to address the threat of COVID-19.[1] Plaintiffs further challenge Defendant's attempts to prevent them from challenging his unconstitutional practices in court. Specifically, Plaintiffs have asked the Court to issue a narrow temporary restraining order requiring Defendant to (1) develop CDC-compliant testing policies to effectively identify infected individuals and reduce the spread of COVID-19 in Tulare County Jails; (2) develop CDC-complaint social distancing policies to reduce overcrowding in the Jails; and (3) cease interference with the right of incarcerated people at Tulare County Jails to contact and meet with counsel confidentially and access the courts.

In connection with the emergency relief requested, this ex parte application seeks provisional certification of a class of all people who are now, or in the future will be, incarcerated in Tulare County Jails, all of whom are affected by Defendant's inadequate response to COVID-19 and are in urgent need of protection. Federal courts in the Ninth Circuit "routinely grant provisional class certification for purposes of entering [preliminary] injunctive relief" under Rule 23(b)(2), when plaintiffs establish that the four prerequisites in Rule 23(a) are met. *Carrillo v. Schneider Logistics, Inc.*, No. CV 11-8557 CAS, 2012 WL 556309, at *9 (C.D. Cal. Jan. 31, 2012) (citing *Baharona-Gomez v. Reno*, 167 F.3d 1228, 1233 (9th Cir. 1999)); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (holding district court did not abuse its discretion by provisionally certifying class for purpose of entering preliminary injunction); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1202 (N.D. Cal. 2017) (provisionally certifying class of detained immigrant children), *aff'd*, *Saravia for A.H. v. Sessions*, 905 F.3d 1137

---

[1] The term "Tulare County Jails" refers to the five detention facilities managed by Defendant: Bob Wiley Detention Facility (Bob Wiley), Main Jail, Men's Correctional Facility, Adult Pre-Trial Facility (Pre-Trial Facility), and South County Detention Facility (South County).

(9th Cir. 2018). And numerous courts around the country have certified provisional classes for purposes of injunctive relief in cases involving challenges to conditions of confinement during the COVID-19 pandemic.[2] This Court should join them, and provisionally certify the proposed class defined as ***all people who are now, or in the future will be, incarcerated in Tulare County Jails*** (the "Proposed Class") for purposes of granting Plaintiffs injunctive relief, because Rule 23's requirements are satisfied here.

## II. THE PROPOSED CLASS AND SUBCLASS MEET THE REQUIREMENTS OF RULE 23(a).

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). No specific number is needed, but "forty or more members will generally satisfy the numerosity requirement." *Arroyo v. United States Dep't of Homeland Sec.,* No. SACV 19-815 JGB, 2019 WL 2912848, at *9 (C.D. Cal. June 20, 2019); *see also In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009). Numerosity is satisfied when "general knowledge and common sense indicate that [the class] is large." *Inland Empire-Immigrant Youth Collective v. Nielsen*, No. EDCV 17-2048 PSG, 2018 WL 1061408, at *7 (C.D. Cal. Feb. 26, 2018) (quoting *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 569 (C.D. Cal. 2008)). To be impracticable, joinder must be difficult or inconvenient but need not be impossible. *Keegan v. Am. Honda Motor Co*., 284 F.R.D. 504, 522 (C.D. Cal. 2012).

The Proposed Class is sufficiently numerous. Plaintiffs seek relief on behalf of all persons incarcerated at Tulare County Jails. As of August 1, 2020, there were approximately 1,086 people in Defendant's custody in Tulare County Jails. Ex. 1 to TRO Motion (McDermott Decl.) ¶ 11, Ex.

---

[2] *See, e.g.*, *Torres v. Milusnic*, No. CV204450CBMPVCX, 2020 WL 4197285, at *23 (C.D. Cal. July 14, 2020); *Gayle v. Meade*, No. 20-21553-CIV, 2020 WL 3041326, at *16 (S.D. Fla. June 6, 2020); *Ahlman v. Barnes*, No. SACV20835JGBSHKX, 2020 WL 2754938, at 6 (C.D. Cal. May 26, 2020); *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, No. 20-CV-453-LM, 2020 WL 2113642, at *4 (D.N.H. May 4, 2020); *Alcantara v. Archambeault*, No. 20CV0756 DMS (AHG), 2020 WL 2315777, at *7 (S.D. Cal. May 1, 2020); *Roman v. Wolf*, No. 5:20-cv-768, (TJH) (PHV), 2020 WL 1952656 (C.D. Cal. Apr. 23, 2020); *Fraihat v. U.S. Immigration & Customs Enforcement*, No. EDCV191546JGBSHKX, 2020 WL 1932570, at *20 (C.D. Cal. Apr. 20, 2020); *Zepeda Rivas v. Jennings*, No. 20-CV-02731-VC, 2020 WL 2059848, at *1 (N.D. Cal. Apr. 29, 2020); *Savino v. Souza*, No. CV 20-10617-WGY, 2020 WL 1703844, at *6 (D. Mass. Apr. 8, 2020); *Mays v. Dart*, No. 20 C 2134, 2020 WL 1987007, at *23 (N.D. Ill. Apr. 27, 2020).

F. Because there are more than 1,000 members in the Proposed Class, and joinder of all claims would be impracticable, the numerosity requirement is satisfied.

**B.     Commonality**

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement has "been construed permissively . . . ." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Commonality requires plaintiffs to demonstrate only that their claims "depend upon a common contention . . . [whose] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality can be satisfied by even a single common issue. *See e.g., Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (Commonality "does not . . . mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact.") (citations and internal quotation marks omitted) (emphasis in original).

Commonality is satisfied where a lawsuit challenges "systemic policies and practices that allegedly expose inmates to a substantial risk of harm," even where there are "individual factual differences among class members." *Parsons v. Ryan*, 754 F.3d 657, 681-82 (9th Cir. 2014) (collecting cases); *Hernandez v. Lynch*, No. EDCV 16-00620-JGB, 2016 WL 7116611, at *17 (C.D. Cal. Nov. 10, 2016), *aff'd sub nom*. *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017); *see also Inland Empire-Immigrant Youth Collective*, No. EDCV 17-2048 PSG, 2018 WL 1061408, at *8. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Arroyo*, 2019 WL 2912848, at *9 (quoting *Staton v. Boeing Co*., 327 F.3d 938, 953 (9th Cir. 2003)).

Here, the Proposed Class meets the commonality requirement because all class members are subject to the same practices and lack of policies: (1) Defendant's refusal to implement appropriate social distancing policies, compliant with CDC guidelines, and insistence instead on continuing to pack incarcerated people into dangerously crowded housing units and common areas, despite available space within the Jails; (2) Defendant's refusal to institute a testing policy,

compliant with CDC guidelines, that stands any chance of meaningfully identifying sick people and preventing the spread of COVID-19 within the Jails; and (3) Defendant's targeted interference with the right of incarcerated people to communicate confidentially with counsel and access the courts. COVID-19 does not discriminate—all incarcerated people are at risk. *See* TRO Motion Ex. 2 (Declaration of Dr. Joe Goldenson ("Goldenson Decl.")), ¶ 22; *Coronavirus Disease 2019 (COVID-2019)*, Centers for Disease Control (June 25, 2020), ("Everyone is at risk for getting COVID-19 if they are exposed to the virus.")[3]; *see also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("[C]ommonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.").

The claims brought by the named Plaintiffs on behalf of the Proposed Class raise several common questions of fact and law, including but not limited to:

1. Whether Defendant continues to pack Proposed Class members into a few crowded housing units, despite available living space elsewhere in the Jails;
2. Whether Defendant has implemented testing protocols to effectively identify infected individuals and prevent the spread of COVID-19;
3. Whether Defendant has interfered with Proposed Class members' rights to communicate with counsel confidentially, and access the courts, by implementing a restrictive visitation policy and permitting TCSO deputies' practice of intimidating, threatening, and retaliating against Proposed Class members who speak with counsel;
4. Whether Defendant's failure to reduce crowding or provide testing exposes the Proposed Class to a heightened risk of serious illness and death and violates the Proposed Class members' rights in violation of the Eighth and Fourteenth Amendments;

---

[3] *Available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

       5.      Whether Defendant's interference with Proposed Class members' access to counsel and the courts violates the First, Sixth, and Fourteenth Amendments; and

       6.      Whether Defendant's use of intimidation, threats, and retaliation in an attempt to prevent Proposed Class members from exercising their right to access the courts violates the Bane Act.

Members of the Proposed Class are all incarcerated in facilities operated by Defendant, and these claims focus on two primary issues: (1) whether Defendant has violated the Proposed Class members' constitutional rights to humane conditions of confinement in light of his failure to respond appropriately to the immediate and urgent risks presented by COVID-19; and (2) whether Defendant has violated the Proposed Class members' constitutional rights to access counsel and the courts in light of Defendant's restrictive legal visitation policy and systematic use of retaliation, threats, and intimidation against incarcerated people who attempt to access counsel. These are common issues amenable to class treatment.

**C.    Typicality**

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims . . . of the representative parties [be] typical of the claims . . . of the class." "[T]he typicality requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quotation marks and citation omitted).

"The test of typicality is "'whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons*, 754 F.3d at 685 (citation omitted). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez*, 591 F.3d at 1124 (quotation and citation omitted).

The Proposed Class meets the typicality requirement, because the named Plaintiffs and Proposed Class members are all individuals who are incarcerated at Tulare County Jails, and their

claims all arise from the same failures of Defendant to develop CDC-compliant social distancing policies that ease overcrowding by using available space and testing protocols to effectively identify infected individuals and reduce the spread of COVID-19. Compl. ¶¶ 88–130. Additionally, they are all subject to Defendant's unconstitutionally restrictive legal visitation policy. Compl. ¶¶ 131–158. Finally, without this Court's intervention, all will suffer the same harm: the significant and avoidable risk of serious illness or death from COVID-19.

### D.      Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." The adequacy inquiry asks: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). This requirement "tend[s] to merge with the commonality and typicality criteria of Rule 23(a)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626, n.20 (1997) (internal quotation marks and citation omitted).

Both requirements are plainly satisfied here. *First*, there is no conflict between the named Plaintiffs and other members of the Proposed Class. The named Plaintiffs and other class members have the same injury and seek the same relief. *Second*, the named Plaintiffs have confirmed their willingness to vigorously prosecute this action, and their commitment to ensuring that all people facing the current dangerous conditions in Tulare County Jails benefit from this case. Indeed, named Plaintiff Adam Ibarra has even faced interrogation from Tulare County Jails staff in response to his commitment to pursuing this litigation. Compl. ¶¶141–142. Moreover, the Proposed Class is represented by counsel from the American Civil Liberties Union Foundation of Northern California ("ACLU") and Munger, Tolles & Olson ("MTO"). Counsel have extensive experience litigating class action lawsuits and other complex cases in federal court, including experience litigating cases on behalf of incarcerated people in general and involving conditions of confinement related to COVID-19 in particular. Ex. 1 to TRO Motion (McDermott Decl.) ¶¶ 18–20; Ex. 5 to TRO Motion (Guneratne Decl.) ¶¶ 2–3. Both MTO and the ACLU will zealously and

adequately represent Plaintiffs and the Proposed Class in this action. Ex. 1 to TRO Motion (McDermott Decl.) ¶ 21.

### III. THE PROPOSED CLASS MEETS THE REQUIREMENTS OF RULE 23(b)(2).

In addition to satisfying the four prerequisites of Rule 23(a), the Proposed Class qualifies for class treatment under Rule 23(b)(2). Rule 23(b)(2) requires Plaintiffs to establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "[Rule] 23(b)(2) was adopted in order to permit the prosecution of civil rights actions." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). As a result, "'it is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1126 (citations omitted) (holding that class of noncitizens detained during immigration proceedings met Rule 23(b)(2) criteria because "all class members' [sought] the exact same relief as a matter of statutory or, in the alternative, constitutional right"); *id*. ("The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2).").

The Proposed Class meets these requirements for two reasons. *First,* Defendant's actions and omissions are generally applicable to the Proposed Class as a whole because his failure to (1) develop an adequate, CDC-compliant social distancing policy to ease overcrowding by using available space, (2) develop CDC-compliant testing protocols to effectively identify infected individuals and prevent the spread of COVID-19, and (3) interfere with Proposed Class members' access to the courts violates the rights of all Proposed Class members and puts them at serious risk of substantial and avoidable illness and suffering. *Second,* the injunctive relief requested by Plaintiffs is appropriate for the class as a whole. The class requests uniform relief: (1) the development of COVID-19 testing protocols to prevent its spread, and the use of available space to ease overcrowding; and (2) the cessation of Defendant's restrictive legal visitation policy and intimidating tactics to prevent incarcerated people from accessing counsel and the courts. All class

members will benefit from the requested relief: All would receive increased protection from COVID-19.

Certification under Rule 23(b)(2) is appropriate because the remedies being sought would afford the same relief to all Proposed Class members. *See Parsons*, 754 F.3d at 689 (holding declaratory and injunctive relief proper as to class where "every [member] . . . is allegedly suffering the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in . . . policy and practice"); *Rodriguez*, 591 F.3d at 1126 (certifying Rule 23(b)(2) class of imprisoned immigrants where class sought uniform procedure for release, because "relief from a single practice is requested by all class members").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court provisionally certify the Proposed Class.

DATED: August 12, 2020                     MUNGER, TOLLES & OLSON LLP


By:  /s/ Sara A. McDermott
       Sara McDermott
       Attorneys for Plaintiffs