JACOB S. KREILKAMP (State Bar No. 248210)
jacob.kreilkamp@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
SARA A. McDERMOTT (State Bar No. 307564)
sara.mcdermott@mto.com
OMAR H. NOURELDIN (State Bar No. 301549)
omar.noureldin@mto.com
ARIEL TESHUVA (State Bar No. 324238)
ariel.teshuva@mto.com
ESTALYN S. MARQUIS (State Bar No. 329780)
estalyn.marquis@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

KATHLEEN GUNERATNE (State Bar No. 250751)
KGuneratne@alcunc.org
AMY GILBERT (State Bar No. 316121)
AGilbert@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Charles Criswell, Levi Johnson, Samuel Camposeco, Adam Ibarra, and California Attorneys for Criminal Justice,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael Boudreaux, in his official capacity as Sheriff of Tulare County,<br><br>Defendant. | Case No. 1:20-cv-01048-DAD-SAB<br><br>**[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR PROVISIONAL CLASS CERTIFICATION**<br><br>Filed concurrently with Ex Parte Application<br><br>Judge: Hon. Dale A. Drozd<br>Date:<br>Time:<br>Crtrm.: 5 |

Plaintiffs' ex parte application for an order: (1) provisionally certifying a class, as defined below, (2) appointing named Plaintiffs Charles Criswell, Levi Johnson, Samuel Camposeco, and Adam Ibarra as class representatives, and (3) appointing class counsel (the "Class Cert. Application"), came on for a hearing before this Court.

After considering the supporting papers filed in connection with the Class Cert. Application and the evidence submitted in support thereof, the Court finds that:

    a.    Under Federal Rule of Civil Procedure 23(a)(1), the Proposed Class, defined as all people who are now, or in the future will be, incarcerated in Tulare County Jails (the "Proposed Class"), is sufficiently numerous in that it consists of over 1,000 individuals;

    b.    Under Rule 23(a)(2), there exist common questions of law and fact as to all class members, which include, among other things:

        i.    Whether Defendant continues to pack Proposed Class members into a few crowded housing units, making social distancing impossible, despite available living space elsewhere in the Jails;

        ii.    Whether Defendant has implemented testing protocols to effectively identify infected individuals and prevent the spread of COVID-19;

        iii.    Whether Defendant has interfered with Proposed Class members' rights to communicate with counsel confidentially and access the courts by implementing a restrictive visitation policy and permitting TCSO deputies' practice of intimidating, threatening, and retaliating against Proposed Class members who speak with counsel;

        iv.    Whether Defendant's failure to reduce crowding or provide testing exposes the Proposed Class to a heightened risk of serious illness and death and

     violates the Proposed Class members' rights in violation of the Eighth and Fourteenth Amendments;

 v. Whether Defendant's interference with Proposed Class members' access to counsel and the courts violates the First, Sixth, and Fourteenth Amendments; and

 vi. Whether Defendant's use of intimidation, threats, and retaliation in an attempt to prevent Proposed Class members from exercising their right to access the courts violates the Bane Act.

c. Under Rule 23(a)(3), the claims of the Proposed Class representatives are typical of the claims of all class members in that the named Plaintiffs and Proposed Class members are all individuals who are incarcerated at Tulare County Jails and their claims all arise from the same failures of Defendant to facilitate social distancing and ease overcrowding by using available space, and to develop testing protocols to effectively identify infected individuals and reduce the spread of COVID-19. Additionally, they are all subject to Defendant's unconstitutionally restrictive legal visitation policy.  Finally, they all suffer from the same harm: the significant and avoidable risk of serious illness or death from COVID-19;

d. Under Rule 23(a)(4), the Proposed Class representatives have demonstrated that each of them will fairly and adequately protect the interests of the Proposed Class;

e. The proposed counsel for the class, the ACLU Foundation of Northern California, and the law firm of Munger, Tolles & Olson have demonstrated that they are experienced in prosecuting complex commercial and civil rights class actions and will adequately represent the interests of the class;

-3-
[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR PROVISIONAL CLASS CERTIFICATION

      f.      Under Rule 23(b)(2), the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief is appropriate respecting the class as a whole. Defendant subjects all members of the Proposed Class to the same policies or practices—namely, Defendant has failed to adopt appropriate, written policies for facilitating social distancing by easing overcrowding and for adequately testing incarcerated people. Additionally, Defendant's restrictive legal visitation policy hinders the ability of all members of the Proposed Class to confidentially speak with counsel and access the courts. The injunctive relief requested by Plaintiffs is appropriate for the class as a whole: An injunction mandating (1) the adoption and implementation of CDC-compliant testing policies and social distancing policies, which make use of the available space in the Jails; and (2) cessation of Defendant's restrictive and unlawful legal visitation policy and any intimidation, threats, and retaliation against members of the class who attempt to speak with their counsel and access the courts.

As good cause has been shown, IT IS HEREBY ORDERED THAT:

    (1)    This action is provisionally certified as a class action as to all claims in the Complaint, pursuant to Federal Rule of Civil Procedure 23(b)(2), for purposes of entering the Temporary Restraining Order and/or preliminary injunction;

    (2)    The Class of Plaintiffs is defined as: All people who are now, or in the future will be, incarcerated in Tulare County Jails;

    (3)    Plaintiffs Charles Criswell, Levi Johnson, Samuel Camposeco, Adam Ibarra are appointed as representatives of the Class; and

-4-
[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR PROVISIONAL CLASS CERTIFICATION

    (4)  The ACLU Foundation of Northern California, and the law firm of Munger, Tolles & Olson are appointed as Class Counsel for all purposes related to the Temporary Restraining Order and/or preliminary injunction.

IT IS SO ORDERED.

DATED: August ___, 2020

                     Hon. Dale A. Drozd