UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CRISWELL, et al., | No. 1:20-cv-01048-DAD-SAB |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL PLEADING |
| MICHAEL BOUDREAUX, in his official capacity as Sheriff of Tulare County, | (Doc. No. 59) |
| Defendant. | |

This matter is before the court on plaintiffs' unopposed motion for leave to file a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. (Doc. No. 59.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, on February 26, 2021, the court took this matter under submission to be decided on the papers. (Doc. No. 60.) For the reasons explained below, the court will grant plaintiffs' motion.

Rule 15(d) provides that

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

1

Fed. R. Civ. P. 15(d.)  As a "tool of judicial economy and convenience," use of Rule 15(d) is favored and "is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  "Leave should be 'freely given,' '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiffs seek to supplement their complaint by adding "new factual allegations and claims to bring their complaint up to date" with regard to defendant's "social distancing" policy in the Tulare County Jails to address the COVID-19 pandemic.  (Doc. No. 59 at 6.)  Plaintiffs attached their proposed supplemental complaint as an exhibit to their pending motion.  (Doc. No. 59-1.)  In their Rule 15(d) motion, plaintiffs assert that their "proposed Supplemental Complaint is timely, brought in good faith, not prejudicial to Defendant, and introduces viable claims related to Defendant's COVID-19 policies and practices that are closely related to the claims already alleged in the initial Complaint."  (Doc. No. 59 at 6.)

Defendant does not disagree with plaintiffs' assertion in this regard or oppose plaintiffs' pending motion.  On March 23, 2021, defendant filed a statement of non-opposition, noting that he "does not oppose supplementation and does not ask the Court to deny Plaintiffs' motion."  (Doc. No. 61 at 3.)  Defendant also notes, however, that if the court grants plaintiffs' motion, following filing and service of plaintiffs' supplemental pleading, defendant "intends to move to dismiss and/or for summary adjudication regarding the newly alleged claims and causes of action contained therein."  (*Id.* at 2.)

In light of defendant's non-opposition, and the favor with which motions under Rule 15(d) are viewed, the court will grant plaintiffs' motion for leave to file their proposed supplemental complaint.  *See Oakley, Inc. v. Bolle Am., Inc.*, No. 91-cv-634-LTL-RWR, 1992 WL 207904, at *1 (C.D. Cal. Mar. 26, 1992).

/////

2

Accordingly,

1. Plaintiffs' motion to file their supplemental pleading (Doc. No. 59) is granted;
2. Plaintiffs are directed to file their supplemental complaint on the docket in this action within three (3) days of the issuance of this order; and
3. Defendant shall file a responsive pleading to plaintiffs' supplemental complaint within fourteen (14) days of the date of service of plaintiffs' supplemental complaint.

IT IS SO ORDERED.

Dated: **March 24, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE