UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CRISWELL, et al., | No. 1:20-cv-01048-DAD-SAB |
| Plaintiffs, | |
| v. | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CLASS CERTIFICATION |
| MICHAEL BOUDREAUX, in his official capacity as Sheriff of Tulare County, | |
| Defendant. | (Doc. No. 82) |

This matter is before the court on plaintiffs' motion for preliminary approval of a class action settlement and conditional certification of settlement class filed on August 10, 2021.[1] (Doc. No. 82.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiffs' motion was taken under submission on the papers. (Doc.

---

[1] This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation, which has continued unabated for over twenty months now, has left the undersigned presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants at last count. Unfortunately, that situation results in the court not being able to issue orders in submitted civil matters as quickly as the parties desire. Of course, this situation is frustrating to the court, which fully realizes how frustrating it is to the parties and their counsel. However, the sad reality is that this order was issued quite expeditiously in comparison to most civil motions now pending before the undersigned. Counsel may wish to express their views regarding this state of affairs to those in the other branches of government who can remedy the situation.

No. 83.) For the reasons explained below, the court will grant preliminary approval of the proposed class action settlement and conditional certification of the settlement class.

## BACKGROUND

The court previously summarized plaintiffs' allegations in its September 2, 2020 order granting plaintiffs' application for provisional class certification and motion for a temporary restraining order. (Doc. No. 26 ("TRO").) The court will not repeat that factual background in this order.

Pursuant to Federal Rule of Civil Procedure 23, plaintiffs Samuel Camposeco, Adam Ibarra, and California Attorneys for Criminal Justice ("plaintiffs"), individually and on behalf of all others similarly situated, filed the pending unopposed motion for conditional class certification and preliminary approval of their settlement agreement with defendant Michael Boudreaux, in his official capacity as Sheriff of Tulare County.[2] (Doc. No. 82.)

## THE PROPOSED SETTLEMENT

The parties' proposed settlement (Doc. No. 82-3) has four categories of substantive terms: (1) injunctive relief requiring defendant to implement, or continue to implement, a wide variety of policies to guard against the spread of the COVID-19 virus in the Tulare County Jails (the "Jails"); (2) injunctive relief for monitoring the implementation of the settlement agreement, including providing for three unannounced site visits to the Jails by independent expert, Michael Brady, and regular public reporting by defendant; (3) payment by defendant of plaintiffs' counsel's attorneys' fees and expenses totaling $95,000; and (4) requirements to ensure adequate notice of the proposed settlement agreement to class members. (Doc. Nos. 82 at 10; 82-3.)

## LEGAL STANDARD

**A.      Rule 23 Settlements**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled,

---

[2] Although the other two named plaintiffs, Levi Johnson and Charles Criswell, signed the settlement agreement, they are no longer incarcerated in the Tulare County Jails and thus do not seek to represent the class in connection with the parties' proposed settlement. (*See* Doc. Nos. 82 at 14, n.2; 82-3 at 13.)

2

voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The following procedures apply to the court's review of a proposed settlement:

> The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.
>
> The court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . ..
>
> If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate . . ..
>
> The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> . . .
>
> Any class member may object to the proposal if it requires court approval under this subdivision (e).

*Id.*

"Courts have long recognized that settlement class actions present unique due process concerns for absent class members." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (internal quotation marks and citations omitted). To protect the rights of absent class members, Rule 23(e) requires that the court approve all class action settlements "only after a fairness hearing and a determination that the settlement is fair, reasonable, and adequate." *Bluetooth*, 654 F.3d at 946. When parties seek approval of a settlement agreement negotiated before formal class certification, "there is an even greater potential for a breach of fiduciary duty owed the class during settlement." *Id.* In such circumstances, "settlement approval requires a higher standard of fairness" and a "more exacting review" so as "to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (internal quotation marks and citations omitted).

In addition, when parties seek class certification only for purposes of settlement, Rule 23 "demand[s] undiluted, even heightened, attention" to the certification requirements. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The district court must examine the propriety

3

of certification under Rule 23 both at this preliminary stage and at a later fairness hearing. *See, e.g.*, *Ogbuehi v. Comcast*, 303 F.R.D. 337, 344 (E.D. Cal. Oct. 2, 2014).

Review of a proposed class action settlement ordinarily proceeds in three stages. *See Manual for Complex Litigation* (4th) § 21.632. First, the court conducts a preliminary fairness evaluation and, if applicable, considers class certification. *Id.* (noting that if the parties move for both class certification and preliminary approval, the certification hearing and preliminary fairness evaluation can usually be combined). Second, if the court makes a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms, the parties are directed to prepare the notice of certification and proposed settlement to the class members. *Id.* Third, the court holds a final fairness hearing to determine whether to approve the settlement. *Id.*; *see also Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1267 (9th Cir. 2010).

Here, the parties move for preliminary class certification and preliminary approval of their class action settlement. Though Rule 23 does not explicitly provide for such a procedure, federal courts generally grant preliminary approval if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Lounibos v. Keypoint Gov't Sols. Inc.*, No. 12-cv-00636-JST, 2014 WL 558675, at *5 (N.D. Cal. Feb. 10, 2014) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)); *see also Newberg on Class Actions* § 13:13 (5th ed. 2011). While it is not a court's province to "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute," a court should weigh, among other factors, the strength of a plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the extent of discovery completed; and the value of the settlement offer. *Chem. Bank v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992) (citation omitted).

## ANALYSIS

**A.     Conditional Class Certification for Settlement Purposes**

In issuing the TRO on September 2, 2020, the court granted preliminary certification of the proposed class under Rule 23 and found that plaintiffs had satisfied Rule 23(a)'s requirements

of numerosity, commonality, typicality, and adequacy of representation and Rule 23(b)(2)'s requirements.³ (Doc. No. 26 at 26); *see also Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 730 (9th Cir. 2007); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The court will not revisit its analysis in this regard because the parties' proposed settlement class is materially identical to the class that the court conditionally certified for the purposes of the TRO. (*See* Doc. No. 82 at 13–14.) The only difference is the time limitation: only persons who are incarcerated before March 31, 2022 (the current Termination Date) are included in the settlement class. (Doc. Nos. 83 at 23–14; 82-3 at 3.) Accordingly, the court will grant conditional certification of the settlement class as defined by the parties in their settlement agreement, as follows: "All people who are currently incarcerated in the Tulare County Jails or will be incarcerated in the Tulare County Jails at any point before the Termination Date of the Settlement Agreement." (*See* Doc. No. 82 at 9–10.)

**B.      Preliminary Approval of the Class Action Settlement**

Plaintiffs also seek preliminary approval of their class action settlement. Under Rule 23(e), a court may approve a class action settlement only if the settlement is a fair, reasonable, and adequate resolution of a *bone fide* dispute. *Bluetooth*, 654 F.3d at 956. "[P]reliminary approval of a settlement has both a procedural and substantive component." *Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079 (citation omitted). In particular, preliminary approval of a settlement and notice to the proposed class is appropriate if: (1) the proposed settlement appears to be the product of serious, informed, non-collusive negotiations; and (2) the settlement falls

/////

---

³ Rule 23(b)(2) requires plaintiffs to show that defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Courts are not required "to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (noting that Rule 23(b)(2) requirements are met when "class members complain of a pattern or practice that is generally applicable to the class as a whole") (citing *Walters*, 145 F.3d at 1047). The court previously found that plaintiffs satisfied these requirements because they seek uniform injunctive relief and defendant's actions in responding to COVID-19 allegedly violate the rights of all putative class members and are generally applicable to the class. (Doc. No. 26 at 26–27.)

within the range of possible approval, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class. *Id.*

### 1. Procedural Fairness

The court must first consider whether the process by which the parties arrived at the settlement is the product of arm's length bargaining, rather than collusion or fraud. *See Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 613 (E.D. Cal. 2015). A settlement is presumed fair if it "follow[s] sufficient discovery and genuine arms-length negotiation." *Adoma v. Univ. of Phx., Inc.*, 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) (citation omitted). In addition, participation in mediation "tends to support the conclusion that the settlement process was not collusive." *Palacios*, 2015 WL 4078135, at *8 (citation omitted).

Here, the negotiation process was "fair and full of adversarial vigor," reflecting an arm's length negotiation. *See City of Colton v. American Promotional Events, Inc.*, 281 F. Supp. 3d 1009, 1012 (C.D. Cal. 2017) (quoting *U.S. v. Chevron U.S.A., Inc.*, 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005)). Settlement discussions began in October 2020, when plaintiffs were preparing to file their motion for a preliminary injunction, which they filed on November 3, 2020. (Doc. Nos. 82 at 17; 44.) According to plaintiffs, following extensive discovery produced by defendant, settlement discussions re-commenced in spring 2021. (Doc. No. 82 at 17.) "After four separate settlement conferences with Judge McAuliffe, the parties finally arrived at the proposed Settlement Agreement. During these discussions, the parties discussed (and debated) variations of approximately thirty-four separate substantive injunctive-relief terms." (*Id.*) The court agrees in light of this history that "[g]iven the extended, and robust, settlement discussions, the proposed Settlement Agreement was negotiated at 'arm's length.'" (*Id.*) Accordingly, the undersigned concludes that the parties' negotiations were extensive, involved, and non-collusive, lending credence to the fairness of the settlement and supporting the granting of plaintiffs' motion for preliminary approval of the class action settlement.

### 2. Substantive Fairness

The court should grant final approval of a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). At the preliminary approval stage, as here, the court

6

"need only determine whether the proposed settlement is within the range of possible approval." *Murillo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468, 479 (E.D. Cal. 2010) (quotations omitted). Under the 2018 amendments to Rule 23, courts are directed to consider the following factors in determining whether a class action settlement is potentially fair: (1) class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) all class members are treated equitably; and (4) the relief is adequate given (a) the costs, risks, and delays of trial and appeal; (b) the effectiveness of distributing class relief; (c) the terms of proposed attorney's fees; and (d) the terms of the settlement agreement. Fed. R. Civ. P. 23(e)(2). The court has considered these factors and finds that the proposed settlement agreement in this case is fair, reasonable, and adequate and should be preliminarily approved. For the reasons explained above and outlined in the September 2, 2020 TRO, the class representatives and class counsel have adequately represented the class and the settlement was negotiated at arm's length. Moreover, all class members are treated equitably under the settlement agreement in that they all receive the same benefit: increased protection against the risks of COVID-19 in the Jails. The terms of the settlement agreement provide comprehensive protection against the threat of COVID-19 to all persons incarcerated in the Jails through March 31, 2022. (Doc. No. 82-3 at 3.) These terms are both fair and can be easily distributed to all class members. If the COVID-19 pandemic grows worse or fails to subside, the parties may agree to extend the settlement agreement's term, or plaintiffs can petition this court for such an extension, as provided for in the settlement agreement. (*Id.*) What is more, a trial date in this case may not be set until after the COVID-19 pandemic is over, and thus the relief is suitable given the risk of that delay.

Lastly, as to the settlement agreement's attorneys' fees provision, when a negotiated class action settlement includes an award of attorneys' fees, the fee award must be evaluated in the overall context of the settlement. *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002). At the same time, the court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941. As part of the settlement agreement, defendant has agreed to pay

7

1    $95,000.00 in attorneys' fees and costs to plaintiffs' counsel.  (Doc. No. 82 at 12.)  Accounting

2    for the fee caps of the Prison Litigation Reform Act ("PLRA"), this sum represents a significant

3    reduction from plaintiffs' actual accrued fees and expenses.  (*See* Doc. No. 82-2 at 3.)  The parties

4    have negotiated fees and costs without the need for further motion practice and the court is

5    satisfied for the purposes of preliminary approval that the proposed attorneys' fee award is

6    reasonable under the circumstances of this case.

7    **C.     Proposed Class Notice and Administration**

8        For proposed settlements under Rule 23, "the court must direct notice in a reasonable

9    manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1); *see*

10   *also Hanlon*, 150 F.3d at 1025 ("Adequate notice is critical to court approval of a class settlement

11   under Rule 23(e).").  For a class certified under Rule 23(b)(2), the court may direct appropriate

12   notice to the class.  Fed. R. Civ. P. 23(c)(2)(A).

13       A class action settlement notice "is satisfactory if it generally describes the terms of the

14   settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

15   forward and be heard."  *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)

16   (internal quotation marks and citations omitted).

17       The parties have agreed to provide notice of the proposed settlement to class members by

18   posting a notice of preliminary approval throughout the Jail facilities.  (Doc. No. 82-3 at 9–10.)

19   Notice of preliminary approval will be distributed in both English and Spanish.  (*Id.* at 9.)  Copies

20   of the settlement agreement itself will be available in the Jails' law library and upon request.  (*Id.*

21   at 10.)  Also, within seven (7) days of the court's order granting preliminary approval of the

22   settlement agreement, plaintiffs will post the notice of preliminary approval on the ACLU's

23   website.  (*Id.*)  This method of providing notice was previously employed by the parties to give

24   notice of the court's TRO to the provisionally certified class.  (*Id.*)

25       The parties have agreed to the language to be employed in the notice, with one exception:

26   plaintiffs believe the notice should include the attorneys' fee terms, citing Rule 23(h) in support

27   of their position in this regard.  (Doc. No. 82 at 13.)  Defendant believes the notice should not

28   include the attorneys' fee terms.  (*Id.*)  In the pending motion, the parties do not elaborate on their

8

respective arguments on this issue. In light of Rule 23(h)'s requirement that "[n]otice of the [attorneys' fee] motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner," the court agrees with plaintiffs and will order that the notice shall include the terms of the attorneys' fee provision. With that addition, the court finds the notice proposed by the parties to meet the standards under Rule 23(c)(2)(A). Moreover, because class members consist of only incarcerated persons who are or will be incarcerated in the Jails, there is no need for additional public-facing methods of notice, nor is there need for notice by mail.

**D.    Implementation Schedule**

The court approves the following implementation schedule, which is based on the parties' proposed settlement agreement. (*See* Doc. No. 82-3.) The court will also set a hearing date of November 29, 2021 at 1:30 p.m. for the motion for final approval of the parties' settlement agreement.

| Event | Date |
|---|---|
| Deadline for defendant to post the Notice of Preliminary Approval in a prominent location in each of the approximately 27 modules/pods/sub-units within each jail facility, along with the infirmary and law library. | No later than seven (7) days after entry of this order granting preliminary approval of the parties' settlement agreement ("the Preliminary Approval Order"). |
| Deadline for plaintiffs to post the Notice of Preliminary Approval on the ACLU's website. | No later than seven (7) days after entry of the Preliminary Approval Order. |
| Deadline to file any objections. | No later than twenty (20) days following posting of the Notice of Preliminary Approval. |
| Filing deadline for plaintiffs' motion for final approval of the class action settlement. | At least 28 days before the final approval hearing, in accordance with Local Rule 230(b). |
| Final Approval Hearing | Monday, November 29, 2021 at 1:30 p.m. |

/////

/////

/////

9

**CONCLUSION**

For the reasons explained above:

1. Plaintiffs' motion for preliminary approval of the parties' class action settlement and for conditional certification of the settlement class (Doc. No. 82) is granted;

2. Plaintiff's counsel Munger, Tolles & Olson LLP and the American Civil Liberties Union of Northern California are appointed as class counsel;

3. Plaintiffs Samuel Camposeco and Adam Ibarra are appointed as class representatives;

4. The proposed notice and proposed plan of distributing notice are approved in accordance with Federal Rule of Civil Procedure 23;

5. If final approval of the settlement agreement is not granted, or the effective date does not occur, then (1) all parties will proceed as if the settlement agreement had not been executed and the related orders and judgment had not been entered and (2) all releases given will be null and void. In such an event, this court's orders regarding the settlement agreement, including this preliminary approval order, shall not be used or referred to in litigation for any purpose;

6. The proposed settlement is approved on a preliminary basis in the manner detailed above;

7. The hearing for final approval of the proposed settlement is set for November 29, 2021 at 1:30 p.m. before the undersigned in Courtroom 5, with the motion for final approval of class action settlement to be filed at least 28 days in advance of the final approval hearing, in accordance with Local Rule 230(b); and

8. The settlement implementation schedule set forth above is adopted.

IT IS SO ORDERED.

Dated: __**September 29, 2021**__     _____
UNITED STATES DISTRICT JUDGE