UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CRISWELL, et al., | No. 1:20-cv-01048-DAD-SAB |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANT'S REQUEST TO SEAL |
| MICHAEL BOUDREAUX, in his official capacity as Sheriff of Tulare County, | (Doc. No. 95) |
| Defendant. | |

This matter is before the court on defendant's notice of request to file documents under seal. (Doc. No. 95.) Pursuant to Local Rule 141(c), plaintiffs timely submitted an opposition to defendant's request. For the reasons set forth below, defendant's request to seal will be denied.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

1

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standards used are based on the type of motion to which the documents to be sealed are attached:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted).

## ANALYSIS

Here, defendant seeks to file the following documents under seal: defendant's response to plaintiffs' pending motion for final approval of the parties' class action settlement (Doc. No. 92), and declarations in support of his response from Lieutenant Javier Martinez, Lieutenant Jason Villarreal, Assistant Sheriff Mark Gist, Evan Matshes, Benjamin Mitchell, and Eric Krenz. (*Id.* at 2.) Defendant contends that these documents contain Protected Health Information ("PHI") of certain inmates in the Tulare County Jails who submitted declarations in support of the pending motion for final approval of the settlement agreement and who voluntarily disclosed their own PHI in those declarations. (*Id.*) The documents "include[] certain PHI of those inmates solely for the purpose of responding to the claims asserted by these inmates against Defendant." (*Id.*)

However, in making his request, defendant has not even attempted to make the requisite showing under either the "compelling reasons" or "good cause" standard to support blanket sealing of these documents, which span nearly 400 pages, rather than targeted redactions of any PHI contained therein. *See Mack v. Dearborn Nat'l Life Ins.*, No. 2:14-cv-1665-KJM-DAD, 2014 WL 12572866, at *2 (E.D. Cal. Aug. 26, 2014) (denying plaintiff's request to seal because plaintiff "fails to explain why some or all of the exhibits should not be redacted in accordance with Local Rule 140 rather than sealed"). For example, defendant requests to file under seal his response to the pending motion for final approval—a motion that he does not oppose—"for the purpose of clearing the factual record," and "so that the Court has a complete picture of Defendant's and his command staff's conduct and ongoing efforts to minimize the risk of

COVID-19 infections within the Tulare County Jails." (*See* Defendant's Response at 1, 25.) Defendant does not explain why there is "good cause" or "compelling reasons" to "maintain the secrecy" of any cleared up factual record or complete picture of his efforts to minimize COVID-19 in the Jails. *See Kamakana*, 447 F.3d at 1180. Shielding such information from public view is contrary to the well-established principle that all documents filed with the court are presumptively public. *See San Jose Mercury News, Inc.*, 187 F.3d at 1103. Indeed, in opposing defendant's request, plaintiffs assert that the documents "are of tremendous interest to the public" and "concern Defendant's response to an outbreak of COVID-19 in the Tulare County Jails, [which] has received extensive media coverage." (*See* Plaintiffs' Opposition at 4.) Plaintiffs also argue that "it is in the public's interest to know and understand Defendant's purported justifications for his inadequate response to the outbreak." (*Id.*)

Having considered defendant's request to seal and plaintiffs' opposition thereto, the court concludes that defendant has not shown either good cause or compelling reasons to support allowing defendant to file the requested documents under seal. Accordingly, the court will deny defendant's request, without prejudice.

To the extent defendant believes that redacting the documents is appropriate to maintain the secrecy of PHI, defendant may seek an order authorizing him to file documents with limited redactions of PHI. Any such request shall comply with Local Rule 140 and the undersigned's standing orders in civil cases.[1]

---

[1] The court notes for the parties' consideration at this point, that defendant may want to consider whether to proceed with filing these documents—redacted or otherwise. The pending motion for final approval of the class action settlement is unopposed. Indeed, defendant has made clear that he, like plaintiffs, urge the court to approve the parties' settlement. Although the court understands the defendant's desire to "clear[] the factual record" and refute the factual narrative that plaintiffs presented in their motion for final approval, in the court's view, neither side's narrative (accurate or not) as to defendant's compliance or non-compliance with the terms of the settlement agreement is relevant to the resolution of that pending unopposed motion. In other words, the court will not be determining whether defendant is or is not complying with the terms of the parties' settlement agreement in ruling on the motion for final approval. That is possibly a fight for another day, upon motion practice regarding enforcement of the settlement agreement *if* and *after* the court grants final approval of the settlement. But seeing as how that day has not and may not come, defendant might reconsider his desire to clear the factual record at this time, taxing this court's extremely scarce judicial resources in the process.

**CONCLUSION**

For the reasons set forth above, defendant's request to file documents under seal (Doc. No. 95) is denied. Where such a request to file under seal is denied, the court returns the filing to the party which sought sealing and does not enter them on the docket. L.R. 141(e)(1).

IT IS SO ORDERED.

Dated:  **November 19, 2021**                                       *Dale A. Drozd*
                                                                               UNITED STATES DISTRICT JUDGE